(Superior Court of Cincinnati—General Term.)

CRANE et al. v. BUCKLES et al.

*Boundary lines of certain alleys in the plat of Carrsville in the East end, Cincinnati, Ohio, affirmed and fixed.*

(Decided May, 1895.)

HUNT, J.

This controversy grew out of the location of a certain alley or alleys in a plat of ground designated as the subdivision of Carrsville, in what is known as the East End.

It appears that on May 1, 1890, Clinton Crane and I. O. Cole, partners as C. Crane & Company, filed a petition in the Superior Court in Special Term, in which, after alleging certain facts as to the plat and ownership, they invoked the equitable interference of the court to enjoin the defendants from obstructing the alley or alleys in question. It is charged that the defendants placed obstructions or fences in and across the same, and it is sought to enjoin the defendants from obstructing in any way the egress or ingress of the plaintiffs to their property.

A temporary restraining order was issued by the court below on giving bond.

The defendants, Frank Buckles and others, on May 15, 1890, filed their answer and cross-petition, in which they deny each and all the allegations of the petition. They further aver that in the rear of the premises is an alley, sixteen feet in width, runing from Hazen street three hundred and seventy-five feet, the same width in a westerly direction, and that, at its western extremity, is another alley, fifteen feet in width, connecting said first-named alley with Front street in the city of Cincinnati.

The equitable interference of the court is likewise sought to require the plaintiffs to open up the alleys in question, and to enjoin them from keeping enclosures in the same.

On June 7, 1890, an answer and cross-petition was filed by Clara L. Shockley, one of the defendants, and on September 4, 1890, an amended petition was filed as to Charles Lowe, and on October 21, 1890, a reply and answer to the answer and cross-petition of the defendants was filed.

The General Term of the Superior Court, on December 7, 1891, entered a decree in which the equities of the case were found against the plaintiff, and that the defendants were entitled to the relief prayed for in their second answer and cross-petition.

There was a further finding that the alley in question is sixteen feet wide and that the north line is on and along the southern boundary line of lots 2 to 16, both inclusive, being one hundred and twenty-one feet south of the south line of Eastern avenue and extending from Hazen street westwardly to the west line of lot 2, where it intersects another alley sixteen feet wide and extending northwardly; that its (said Glenn alley) south line is along a line parallel to and sixteen feet south of the north line thereof, extending from Hazen street to and connecting with the other alley, extending thence northwardly, and that the latter alley extends with its east line from Glenn alley northwardly along the west boundary line of said lot 2 to Eastern avenue and with its west boundary line sixteen feet west of and parallel to the west boundary line of said lot 2.

The court affirms and fixes the boundaries of the alleys thus designated.

The cause is now before the court upon an application for an order against Crane and others to show cause why they should not be proceeded against for contempt in not obeying the order of the court. Unless counsel can agree as to the fact whether there was an obstruction in the alley thus fixed, the court would hear evidence to the end that the obstruction might be removed and the order of the court enforced.

Joseph W. O'Hara and John W. Warrington, for the order.

C. W. Baker, contra.

SMITH and MOORE, JJ., concur.